HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS ANDERSON, PATRICIA ANDERSON,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

CASE NO. C15-5159 RBL

ORDER ON MOTIONS TO REMAND AND TO CERTIFY QUESTIONS

[Dkt. #s 10 and 11]

THIS MATTER is before the Court on Plaintiff[1] Anderson's Motions to Remand [Dkt. #10] and to Certify Questions to the Washington Supreme Court [Dkt. #11]. This is, by State

---

[1] Plaintiffs Thomas Anderson and Patricia Anderson were apparently married at some point. The subject 1998 accident occurred when Patricia fell asleep while driving a GMC pick-up truck owned by James Anderson and insured by State Farm. Thomas was a passenger in the truck. Plaintiffs are *pro se*, and each has filed or joined in the current Motions. They are referenced as "Anderson" in the singular for clarity, unless the context requires otherwise.

Farm's count, the ***ninth***[2] lawsuit Anderson has filed in attempt to recover damages from a 1998 one vehicle rollover accident. The facts and procedural history have been outlined in many prior orders in many prior cases. Anderson's Motion to Remand asks the Court to remand the case as untimely removed, and asks it to abstain from hearing the case under the *Wilton-Brillhart* doctrine and the *Rooker Feldman* Doctrine. Anderson also asks the Court to certify to the Supreme Court two questions related to his IFCA claims, which he claims are dispositive, open questions under Washington law.

**Motion to Remand**

**1. Timeliness**

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court" may be removed to a district court of the United States if the district court of the United States has original jurisdiction. A defendant must file a notice of removal within thirty days of the defendant's receipt of the initial complaint. 28 U.S.C. § 1446(b).

Anderson correctly argues that State Farm has the burden to prove that removal was proper and that this court has diversity jurisdiction over the case. Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998), and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir.

---

[2] It may be the eleventh. *Compare* list at Dkt. #19, pp. 3-7, to list at Dkt. #17, pp. 2-8. Anderson himself identifies 7 prior PIP lawsuits, and 6 prior personal injury lawsuits arising out of this accident, in which he has been a plaintiff. [Dkt. #10 at footnotes 1 and 2].

1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566. But this burden is not overly difficult to meet; cases are properly removed to federal court all of the time.

Anderson's Motion to Remand argues primarily that State Farm's removal (on the basis of diversity jurisdiction) was not timely: he served the complaint on Washington's Office of Insurance Commissioner more than 30 days before State Farm filed its Notice or Removal.

State Farm argues that the removal window opens when a defendant insurer actually *receives* the complaint, not when it is served on the state:

> The removal period begins running not on service with the OIC, but rather, when the insurer "actually received the summons and complaint." *Ebert v. Travelers Ins. Co.*, Case No. C13-1268-JLR, 2013 WL 4827854 (W.D. Wash. Sept. 10, 2013).
>
> In fact, the "overwhelming majority of district courts . . . hold that . . . where a statutory agent is served with the summons and complaint, the named defendant's time to remove the action is not triggered until the defendant actually receives the pleading." *Burton*, 431 F. Supp. 2d at 654; *Pilot Trading Co. v. Hartford Ins. Group*, 946 F. Supp. 834, 839 (D. Nev. 1996) (same); *Medina v. Wall-Mart Stores*, 945 F. Supp., 519, 520 (W.D.N.Y. 1996) ("the heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent").

[Dkt. #17 at 9-10]

Anderson's Motion and his Reply argue that 28 U.S.C. §1446(b)'s use of the term "receipt" includes all forms of receipt, including "constructive" receipt. He argues that the dispositive authority on the subject is *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), which he claims holds that *service*, and not *receipt* triggers the removal period. But *Murphy* dealt with the effect of a *pre*-service, faxed "courtesy copy" of a complaint. It did not even purport to address the situation here, where the complaint was served on the *state* before it was *received* by the defendant. Instead, *Murphy* held that a pre-service courtesy copy did *not* trigger the 30 day removal period—based in part on Congress' stated intent to "ensure that

defendant would have access to the complaint before commencement of the removal period." *Id.* at 352.

Anderson's service on the state does not constitute "receipt" of the complaint by State Farm.  The removal period was triggered instead when State Farm actually received the complaint, and the removal was timely.  Anderson's Motion to Remand on this basis is **DENIED**.

### 2.  *Wilton Brillhart* Abstention

Anderson also asks the Court to abstain in its discretion from hearing this "Declaratory Judgment" action under the *Wilton Brillhart* abstention doctrine.  His Motion includes as Exhibit 1 Judge Bryan's 2005 Order remanding his 2005 declaratory judgment action on this basis.

While Anderson's 225-paragraph complaint [Dkt. #1-3] does seek (as its Fifth Cause of Action) various "declarations" about choice of law and his right to exemplary damages, it not primarily or even substantially a declaratory judgment action.  Instead, on each of his claims, Anderson seeks actual money *damages*:

> 218. Actual economic damages comprised of State Farm payment and satisfaction of default judgment against Patricia Anderson for Thomas Anderson in the amount of $198,365, plus postjudgment interest from 28 Apr 2009.
>
> 219. Award to Patricia Anderson or her Assignee Thomas Anderson, CPA penalty of up to $2,000 per violation.

220. Award to Patricia Anderson or her Assignee Thomas Anderson, CPA penalty of up to $25,000 in exemplary damages.

221. Award to Patricia Anderson or her Assignee Thomas Anderson, IFCA penalty within the jurisdiction of the court (either unlimited multiplier; or, three times actual economic damages in the amount of $198,365, plus postjudgment interest from 28 Apr 2009, plus prejudgment interest on $25,000 absolute liability liquidated on 04 Apr 1998).

222. Award of actual economic damages for personal injury, comprised of past and future health care costs of Patricia Anderson, to be specified by amendment hereto.

223. Award of non-economic damages within the jurisdiction of the court, for personal injury to Patricia Anderson.

224. Award of exemplary damages within the jurisdiction of the court, for personal injury to Patricia Anderson.

225. Award of exemplary damages within the jurisdiction of the court, for actual actual economic damages in the amount of $198,365, plus postjudgment interest from 28 Apr 2009, plus prejudgment interest on $25,000 absolute liability liquidated on 04 Apr 1998.

[Dkt. #1-3]

Anderson's claim that this Court should abstain because his claims require it to make "needless determinations of state law" is not persuasive. Federal Courts routinely exercise diversity jurisdiction over matters of state law—including Washington State insurance law. Nor is the fact of removal evidence of "forum shopping" supporting discretionary remand.

Anderson's Motion to Remand based on *Brillhart* abstention is **DENIED**.

3.  *Rooker Feldman*

Finally, Anderson claims that State Farm "now asserts relief inconsistent with the decisions in [] state court judgments where it was a named party." [Dkt. #10 at 9-10]. He asks the Court to abstain from hearing his claims under the *Rooker Felman* doctrine.

This Court has no jurisdiction to review a decision of the state court. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983).    A district court must give full faith and credit to state court judgments, even if the state court erred by refusing to consider a party's federal claims. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005).

Anderson claims that State Farm is "appealing" prior adjudications of his claims to this Court. But State Farm is the defendant, not the plaintiff. It appears that Anderson is the party seeking to either overturn or ignore prior state (and Federal) court determinations of his claims. State Farm claims that it will ask the Court to give those prior adjudications *res judicata* effect.

*Rooker Felman* has no application to the Court's exercise of diversity jurisdiction over this case. Anderson's Motion to Remand [Dkt. #10] on this basis is **DENIED**.

**Motion to Certify Questions to Washington Supreme Court**

As he did in his 2005 case[3] in this District, Anderson asks the Court to Certify questions to the Supreme Court. He claims that there is a "split" of authority between the state courts and this District regarding the scope of a first party insured's IFCA rights against his insurer. He again suggests that this court should refrain from determining matters of state law under *Brillhart*, and again asks the court not to reward State Farm's "forum shopping."

---

[3] *See Anderson v State Farm,* Cause No. C05-5521RJB, Dkt #7.

State Farm points out, quite accurately, that it has yet to be shown that the IFCA even applies to Anderson's claim—it was not passed until long after the accident, and it has a three year limitations period. It also argues that the issues in this case have already been adjudicated, and the substance of his IFCA claim may not ever be reached. It thus argues that, at the very least, certification is premature.

It also points out that certification is discretionary, and that it is reserved for unusual cases. If every allegedly open question of state law were reflexively certified to the state supreme court (or remanded to state superior court), this court's diversity jurisdiction would be hollow and illusory. Instead, though, the rule is the opposite:

> Federal courts are not precluded from affording relief simply because neither the state Supreme Court nor the state legislature has enunciated a clear rule governing a particular type of controversy. Were we able to invoke only clearly established state law, litigants seeking to protect their rights in federal courts by availing themselves of our diversity jurisdiction would face an inhospitable forum for claims not identical to those resolved in prior cases.

*Paul v. Watchtower Bible & Tract Soc'y*, 819 F.2d 875, 879 (9th Cir. 1987); *see also Meredith v. Winter Haven*, 320 U.S. 228, 234 (1943). Anderson's claim that he raises unique state law issues is not enough to warrant certification of the issue to the Supreme Court, any more than it warrants remand to superior court.

Anderson's Motion to Certify Questions to the Washington State Supreme Court [Dkt. #11] is **DENIED**.

IT IS SO ORDERED.

Dated this 18th day of May, 2015.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE