Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| THOMAS ANDERSON and PATRICIA ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendants. | No. 3:15-cv-05159-RBL<br><br>**ORDER GRANTING STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

THIS MATTER came before the Court on defendant State Farm Mutual Automobile Insurance Company ("State Farm")'s Motion for Summary Judgment. The Court has reviewed and considered the following:

1. Defendant State Farm's Motion for Summary Judgment;

2. Declaration of Donna M. Chamberlin in Support of Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment, with exhibits;

3. Response of Plaintiff Thomas Anderson, if any;

4. Response of Plaintiff Patricia Anderson, if any;

5. Reply of Defendant State Farm in Support of State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment

6. All other pleadings and papers on file with the Court.

ORDER GRANTING STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT – 1
[CASE NO 3:15-CV-05159]
4819-3355-2678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

Having considered the foregoing, the Court makes the following Findings of Fact and Conclusions of Law:

1. Plaintiffs' claims are duplicative of allegations, claims and issues that have already been litigated by Plaintiffs against State Farm in prior court proceedings and Plaintiffs' reiteration of the claims in this Court is not well founded in fact or law;

2. The statutes of limitations for all claims asserted by Plaintiffs Thomas Anderson and Patricia Anderson lapsed before the commencement of this lawsuit, including statutes of limitations for breach of contract, claims asserted under Washington's Consumer Protection Act, Washington's Insurance Fair Conduct Act ("IFCA"), and extra-contractual claims alleged in tort and including all allegations alleging bad faith, as well as any residual claims sounding in tort and bad faith;

3. All claims alleged by Thomas Anderson and Patricia Anderson are barred by Patricia Anderson's breach of the State Farm Policy's provisions, which Policy provisions required Patricia Anderson's cooperation with State Farm in defending against liability claims asserted by Thomas Anderson against Patricia Anderson and State Farm and which vested State Farm with the sole authority to enter into settlements and payment obligations, and Patricia Anderson's breach of the Policy's cooperation and settlement provisions apply to Thomas Anderson as a party acting in privity with Plaintiff Patricia Anderson – and is a bar to all claims asserted in this lawsuit;

4. Plaintiffs' claims are barred by the doctrine of res judicata which bars Thomas Anderson's previously adjudicated claims in the Oregon State Court for Multnomah County and other claims herein that could have been adjudicated in that prior action, and which bar applies equally to Patricia Anderson as a party acting in privity with Thomas Anderson;

ORDER GRANTING STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT – 2
[CASE NO 3:15-CV-05159]
4819-3355-2678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

5. Plaintiffs' claims are barred by issue preclusion in that the courts in Oregon previously determined that Thomas Anderson is not owed additional sums under State Farm's Policy, State Farm did not commit any acts that were in breach of contract, bad faith, outrageous or oppressive, and Plaintiffs violated their duties to cooperate with State Farm by acting collusively and in violation of the Policy's terms; and

6. Plaintiffs cannot state IFCA claims because: (a) IFCA does not apply retroactively to their claims and IFCA's non-retroactivity cannot be extended by repeated reassertion of the Andersons' claims; and (b) Plaintiffs are asserting third-party claims which are not cognizable under IFCA.

IT IS HEREBY ORDERED, that Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment IS GRANTED in its entirety.

This Court will retain jurisdiction to hear a motion by State Farm barring further litigation by Plaintiffs that arises from the same operative facts and for an award of costs.

DATED this 4th day of September, 2015.

_____
Ronald B. Leighton
United States District Judge

ORDER GRANTING STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT – 3
[CASE NO 3:15-CV-05159]
4819-3355-2678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1  Presented by:

2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**

3
   */s/ - Donna M. Chamberlin*
4  Donna M. Chamberlin, WSBA # 31227
   V. Andrew Cass, WSBA # 31365
5  Lewis Brisbois Bisgaard & Smith LLP
   2101 Fourth Avenue, Suite 700
6  Seattle, WA 98121
7  Telephone: (206) 436-2020
   FAX: (206) 436-2030
8  E-mail: Donna.Chamberlin@lewisbrisbois.com
   E-mail: Drew.Cass@lewisbrisbois.com
9  Attorneys for Defendants State Farm Mutual Automobile Insurance Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT – 4
[CASE NO 3:15-CV-05159]
4819-3355-2678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020